Martin, J.
delivered the opinion of the court. The plaintiffs state, that they had a judgment against Gardner, which was duly recorded; and on his death, duly revived against his widow, who was tutrix of his minor heirs, and had entered on the estate and disposed of it, without satisfying the said judgment. That the defendant has in his possession four slaves, whom he purchased from the said widow, and were part of the estate, and consequently liable to satisfy the judgment.
The defendant pleaded the general issue ; that he held the slaves under a good title; that if the plaintiffs ever had a lien on them, they had lost it; that the slaves were sold by the court of probates, with the rest of the estate; that if the plaintiffs' lien exist still, they ought first to sue the widow and Casson, each of whom purchased one of the slaves of the estate, on whom the lien exists, as much as upon those of the defendant; that this lien, admitting its existence, operated as a tacit mortgage on the whole of the land and slaves of Gardner, and every part of it, and not exclusively on any part of it in the hands of a third party; which, if bound at all, is only concurrently so with *346 the rest, and the plaintiffs ought to have made all the purchasers parties.
The district court was of opinion, " that if the plaintiffs can recover against the purchasers of Gardner’s estate (which it is unnecessary to decide) they ought to have brought their action against the last; or, if it be a fact that the sales must be considered as one sale, they should have proceeded against all; that he cannot favour one purchaser to the injury of the rest."
Judgment was accordingly given, "that the plaintiffs recover nothing in this suit; but, without any detriment to any claim, they may have for such portion as the defendant may be liable for by law, in case the property last sold should be insufficient, or in case he should be equally bound with the rest." They appealed.
The record shows, that the plaintiffs obtained judgment against Gardner, and had it duly recorded—that they procured a judgment against the widow, tutrix of the heirs, that it should be executed on the estate of the deceased in her hands.
The estate was sold at public auction by the parish judge, on the application of the widow, after the deliberation of a family meeting *347 had established the propriety of selling and the terms of sale. But nothing appears to have been done, by the court of probates, in regard to the sale.
The process-verbal of the sale shows, that the widow and Casson bought one negro each, at the auction, after those who are now in the defendant’s hands had been stricken down, and the bidder and his surety had subscribed the process-verbal—which shows that the sale took place without any adjournment.
We are of opinion that the sale to the bidder, the defendant’s vendor, was only inchoate, when the negroes were afterwards stricken down to the widow and Casson, and was only perfected by the subsequent signature of the auctioneer or parish judge.
A notarial act is complete only after the signature of the notary and witnesses, 1 Pothier, Obligations, 11 ; and a sous seing prive cannot seriously be said to be so, till subscribed by the vendor, or some other person duly authorized. In the present case, the whole sale is one entire act, which received its perfection by the signature of the parish judge at the conclusion of the sitting.
We, therefore, conclude that neither the wi *348 dow nor Casson were posterior purchasers to the defendant's vendor, though they were posterior bidders, and that he cannot complain that they were not sued before him.
The learned judge has not referred to the particular law, in virtue of which his judgment is rendered, and on the authority of which he holds, that if the sale must be considered as one entire act, the plaintiff should have proceeded against all the purchasers, and could not favour either of them to the injury of the others.
The mortgage is a real right; in its nature indivisible. It subsists for the whole, in all and each of the things affected by it, and on every part of them—and it follows the mortgaged property into whatever hands it may pass. Civ. Code, 452, art. 3.
A third possessor, against whom an hypothecary action is prosecuted, may well demand the discussion of the property of the debtor, and his sureties; but not that of other property (in the hands of other third possessors) mortgaged for the same debt.—2 Pothier, Hypotheques, n. 37.
Our own statute details the means which the third possessor has to stay or resist the hy- *349 pothecary action; and gives, among others, the plea that there is other property mortgaged for the same debt, within the possession of the principal debtor. Civil Code, 462. Nothing seems to authorize the conclusion which the district judge, in the hurry of trial, has drawn, that a third possessor may delay or resist the creditor’s claim, on the ground that there is, in the hands of other third possessors, other property mortgaged for the same debt, when all the third possessors acquired by the same conveyance, i. e. by one entire act or deed of conveyance, simultaneously.
But where a debtor, whose property is subject to a general or tacit mortgage, has successively sold several objects of real property or slaves, the creditor must bring his action against the purchasers according to the order of their purchases, respectively; beginning at the last and ascending in succession to the oldest.—Acts of 1817, p. 40, § 29.
It appears to us, the plaintiffs were not bound to resort to the widow or Casson, before they resorted to the present defendant, nor to make any of the purchasers stated, parties to the present suit.
It is therefore ordered, adjudged and de *350 creed, that the judgment of the district court be annulled, avoided and reversed; that an order of seizure and sale issue against the slaves named in the petition, in the possession of the defendant, to satisfy the balance of the judgment obtained by the plaintiffs against Gardner, in his life time ; and also the sum of ninety-nine dollars and one-half, the costs of the revival of the judgment against the heirs, with legal interest—and costs in both courts.